UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISE HILTON, ED HILTON, as
individuals and as next
friends for "EH," a mentally
disabled adult,

Case No. 16-00702
Hon. Gordon J. Quist
Magistrate Judge Ellen S. Carmody

                    Plaintiffs,

v.

| Defendant City of<br>Grand Rapids'<br>Motion to Dismiss |
| :---: |

CATHERINE MISH and          **Oral Argument Requested**
THE CITY OF GRAND RAPIDS,

                    Defendants.

_____/

FIXEL AND NYEHOLT, PLLC
By: Joni M. Fixel (P56712)
     Collin H. Nyeholt (P74132)
Attorneys for Plaintiff
4084 Okemos Road, Ste. B
Okemos, MI 48823
(517) 332-3390/Fax: (517) 853-0434
jfixel@fixellawoffices.com
cnyeholt@fixellawoffices.com

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.
By: Laura S. Amtsbuechler (P36972)
     Laura Bailey Brown (P79742)
Attorneys for Defendant, City of Grand
Rapids
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

KELLER THOMA PC
By:  Gouri G. Sashital (P64628)
       Stacy L. Jitianu (P74873)
Attorneys for Defendant, Catherine Mish
26555 Evergreen Rd., Ste. 1240
Southfield, MI 48076-4251
(313) 965-8936/Fax: (313) 965-1531
gsr@kellerthoma.com
slj@kellerthoma.com

_____/

## CITY OF GRAND RAPIDS' MOTION TO DISMISS

NOW COMES Defendant, the City of Grand Rapids, by and through counsel, and brings this motion pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, state:

1.      Plaintiffs filed their Complaint in this action on June 6, 2016.  [Docket #1].

2.      Defendant now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the accompanying Brief in Support.

3.      Defendant sought concurrence in this motion on August 3, 2016, as required by Local Rule 7.1(d), but did not obtain concurrence in the relief sought.

WHEREFORE, Defendant City of Grand Rapids respectfully requests that this Honorable Court dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

August 8, 2016                    s/ Laura S. Amtsbuechler
                                  By:  Laura S. Amtsbuechler (P36972)
                                       Laura Bailey Brown (P79742)
                                  Attorneys for Defendant, City of
                                  Grand Rapids
                                  27555 Executive Drive, Suite 250
                                  Farmington Hills, MI  48331
                                  (248) 489-4100/Fax: (248) 489-1726
                                  lamtsbuechler@jrsjlaw.com
                                  lbrown@jrsjlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISE HILTON, ED HILTON, as
individuals and as next
friends for "EH," a mentally
disabled adult,

Case No. 16-00702
Hon. Gordon J. Quist
Magistrate Judge Ellen S. Carmody

        Plaintiffs,

v.

CATHERINE MISH and
THE CITY OF GRAND RAPIDS,

        Defendants.

**Defendant City of
Grand Rapids'
Motion to Dismiss**

**Oral Argument Requested**

_____/

FIXEL AND NYEHOLT, PLLC
By: Joni M. Fixel (P56712)
    Collin H. Nyeholt (P74132)
Attorneys for Plaintiff
4084 Okemos Road, Ste. B
Okemos, MI 48823
(517) 332-3390/Fax: (517) 853-0434
jfixel@fixellawoffices.com
cnyeholt@fixellawoffices.com

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.
By: Laura S. Amtsbuechler (P36972)
    Laura Bailey Brown (P79742)
Attorneys for Defendant, City of Grand
Rapids
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com
KELLER THOMA PC
By: Gouri G. Sashital (P64628)
    Stacy L. Jitianu (P74873)
Attorneys for Defendant, Catherine Mish
26555 Evergreen Rd., Ste. 1240
Southfield, MI 48076-4251
(313) 965-8936/Fax: (313) 965-1531
gsr@kellerthoma.com
slj@kellerthoma.com

_____/

1

## BRIEF IN SUPPORT OF DEFENDANT CITY OF GRAND RAPIDS' MOTION TO DISMISS

### Oral Argument Requested

# TABLE OF CONTENTS

MOST APPROPRIATE AUTHORITIES…………………………………………ii

ISSUES PRESENTED……………………………………………………………iii

INDEX OF AUTHORITIES………………………………………………………iv

INTRODUCTION…………………………………………………………………1

STATEMENT OF FACTS………………………………………………………1

LEGAL STANDARD…………………………………………………………...4

ARGUMENT…………………………………………………………………5

    I.    Plaintiff's Section 1983 Action Fails as a Matter of Law (Counts I and II)…………………………………………………………..5

        A.    *Ms. Mish's Email Was Not an Action Taken Under the Color of State Law*…………………………………………..5

        B.    *Plaintiffs Fail to State a Claim for Constitutional Violations*……………………………………………………8

    II.    The City Is Not Liable for the Actions of Defendant Catherine Mish as Her Actions Were Not Sanctioned by the City and Neither Created nor Represented Official City Policy………………………10

CONCLUSION…………………………………………………………...14

## MOST APPROPRIATE AUTHORITIES

42 U.S.C. § 1983; *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999); *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580 (6th Cir. 2012); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

## ISSUES PRESENTED

**I.**   **Whether Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1983 Because the Actions of Defendant Catherine Mish Were Not Under the Color of State Law and Do Not Amount to a Constitutional Violation?**

Plaintiffs' Answer:      No

Defendant's Answer:     Yes

**II.**   **Whether Plaintiffs Fail to State a Claim for Municipal Liability for the Actions of Defendant Catherine Mish When Her Actions Were Not Sanctioned by the City and Neither Created nor Represented Official City Policy?**

Plaintiffs' Answer:      No

Defendant's Answer:     Yes

# INDEX OF AUTHORITIES

## Cases

*Albright v. Oliver*, 510 U.S. 266 (1994) ....................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................4

*Barnier v. Szentmiklosi*, 810 F.2d 594 (6th Cir. 1986) ...........................13

*Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997) ...........................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................4

*Burris v. Thorpe*, 166 Fed. Appx. 799 (6th Cir. 2006) ..............................6

*Davis v. Robert*, 2016 WL 3541227 (E.D. Mich. June 29, 2016). .......................6, 7

*Doe v. Claiborne County, Tenn.*, 103 F.3d 495 (6th Cir 1996) ...............11

*Fluellen v. United States Dep't of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206 (E.D. Mich. 1993) ...............................................13

*Hogan v. Winder*, 762 F.3d 1096 (10th Cir. 2014)....................................7

*Laise v. City of Utica*, 970 F. Supp. 605 (E.D. Mich. 1997) ...................13

*Mattox v. City of Forest Park*, 183 F.3d 515 (6th Cir. 1999) ..................10

*McQueen v. Beecher Cmty Sch.*, 433 F.3d 460 (6th Cir. 2006) ...............5

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)......................................10

*Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) .. 11, 12, 14

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) .......................................12

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ......................... 12, 13

*Redding v. St. Edward*, 241 F.3d 530 (6th Cir. 2001) ...............................6

*Rondigo v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011)................2, 3

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)...............................8

*Waters v. City of Morristown, TN*, 242 F.3d 353 (6th Cir. 2001) ............6

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580 (6th Cir. 2012) .............8, 10

## Statutes

42 U.S.C. § 1983 ................................................................... 5, 8, 11

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................2, 4

## INTRODUCTION

This case centers on an email sent by the former City Attorney for the City of Grand Rapids, Catherine Mish, to an unrelated third party wherein Ms. Mish is alleged to have made insulting statements about Plaintiff Elise Hilton and her daughter.  In sending this email, Ms. Mish was not acting within the scope of her authority as the City Attorney for the City of Grand Rapids and was not acting under the color of state law.  The City did not sanction or condone her behavior, nor did the message conveyed in her email establish or extend an official City policy.  Thus, Plaintiffs cannot establish liability on the part of the City.  Plaintiffs' First Amendment retaliation claims also fail because Ms. Mish's email does not constitute an adverse action taken against Plaintiffs that would deter a person of ordinary firmness from engaging in constitutionally-protected conduct.  For these reasons, dismissal of Plaintiffs' Complaint is proper.

## STATEMENT OF FACTS

The following facts, as cited in Plaintiffs' Complaint, are accepted as true for purposes of this Rule 12(b)(6) motion only.

The City of Grand Rapids ("City") is a municipality located within the state of Michigan.  (**Ex. A**, Complaint ¶ 4).  Catherine Mish is the former City Attorney for Grand Rapids, and her employment with the City ended earlier this year when she resigned.  (**Ex. A**, Complaint ¶ 5).  As the City Attorney, Ms. Mish's job duties

included serving as the legal advisor to the City, trying cases involving the City, preparing contracts, issuing written opinions to the City, maintaining City contracts, and investigating citizen complaints about the City's misapplication or misuse of funds, abuse of its corporate powers, or failure to perform duties required by law.  (**Ex. B**, City Charter § 93).  Moreover, in keeping with her Commission-approved contract, Ms. Mish was required to carry these duties out in a "professional manner."  (**Ex. C**, Mish Contract; **Ex. D**, Commission Resolution Approving Mish Contract).[1]

In July 2013, Plaintiffs Elise and Ed Hilton filed a lawsuit against the City alleging constitutional violations relating to the City of Grand Rapids Police Department's investigation of a purported sexual assault of their minor daughter. (**Ex. A**, Complaint ¶ 13).  In the 2013 Complaint, Plaintiffs made detailed and highly personal statements regarding their daughter's alleged rape.  (**Ex. E**, 2013 Complaint).[2]  Plaintiffs provided further graphic detail of the purported assault in

---

[1] Ms. Mish's contract is a contract approved by the public through resolution of the City Commission.  The provisions of the City Charter, Ms. Mish's contract, and the resolution referenced throughout this brief constitute public records for purposes of a Rule 12(b)(6) motion.  As public records (and moreover, as Ms. Mish's job duties are discussed at length in Plaintiffs' Complaint), the inclusion of these documents herewith does not convert this motion into one for summary judgment.  *See Rondigo v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011).

[2] Plaintiffs' 2013 Complaint, Response to City's Motion to Dismiss, and the Order granting dismissal constitute public records for purposes of a Rule 12(b)(6) motion.  As public records (and moreover, as the 2013 Complaint is discussed in

subsequent briefing on motions to dismiss.  (**Ex. F**, Plaintiffs' Response to City's Motion to Dismiss 2013 Complaint).  The 2013 action, filed in the U.S. District Court for the Western District of Michigan, Case No. 13-cv-727, was dismissed as to the City for failure to state a claim on March 24, 2016.  (**Ex**. **G**, Order Dismissing Complaint).

The following year, Plaintiff Elise Hilton's employer, the Acton Institute ("Acton"), requested a tax exemption from the City, which the City rejected.  (**Ex. A**, Complaint ¶¶ 14, 17).  Acton subsequently appealed the City's decision, and when that appeal was denied, filed a case before the Michigan Tax Tribunal.  (**Ex. A**, Complaint ¶ 17).  In March 2016, Acton and the City agreed to resolve the matter through a consent judgment.  (**Ex. A**, Complaint ¶ 17).

In March 2015, Ms. Mish received an email from an individual named Donald Zerial relating to a blog posting on the Acton website.  (**Ex. A**, Complaint ¶ 20).  Ms. Mish responded to the email, and in so doing, made statements about Plaintiff Elise Hilton and referenced (although did not name) Ms. Hilton's daughter.  (**Ex. A**, Complaint ¶ 22).

In April 2016, the City received a Freedom of Information Act request for various documents relating to the Acton tax dispute.  In response to this request,

---

Plaintiffs' Complaint), the inclusion of these documents herewith does not convert this motion into one for summary judgment.  *See Rondigo v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011).

the City released a copy of the March 2015 email exchange between Ms. Mish and Mr. Zerial.  (**Ex. A**, Complaint ¶ 36).  The email was subsequently forwarded on to Plaintiff Elise Hilton.  (**Ex. A**, Complaint ¶ 38).

### LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  Although Rule 12(b)(6) requires the Court to accept all well-pleaded factual allegations as true, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  To survive a Rule 12(b)(6) motion, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice.  *Ashcroft*, 556 U.S. at 678.  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.  *Id.* A plaintiff must plead factual allegations that allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.

## ARGUMENT

### I.     Plaintiffs' Section 1983 Action Fails as a Matter of Law (Counts I and II).

Section 1983 provides plaintiffs with a mechanism for enforcing violations of rights, privileges, or immunities secured by the United States Constitution, where plaintiffs would not otherwise be able to directly raise these issues. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To establish a Section 1983 claim, Plaintiff must plead and prove: (1) a deprivation or violation of a federally-protected right, privilege, or immunity; and (2) the action of the defendant violating the federally-protected right was caused by a person acting under the color of state law.  *McQueen v. Beecher Cmty Sch.*, 433 F.3d 460, 463 (6th Cir. 2006).  Plaintiffs have not and cannot plead and prove the requisite elements to maintain their Section 1983 action.

### A.     Ms. Mish's Email Was Not an Action Taken Under the Color of State Law.

"The operative factor in determining if a person is acting under the color of state law is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law . . . *the acts of state officials in the ambit of their personal pursuits do not constitute state action*."  *Burris v. Thorpe*,

5

166 Fed. Appx. 799, 802 (6th Cir. 2006) (emphasis in original) (internal quotations omitted).  Thus, "a defendant's private conduct, outside the course or scope of [her] duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under the color of state law." *Id.*  "It is the nature of the act performed, not the clothing of the actor or even the status of being on duty . . . which determines whether the [individual] has acted under the color of law." *Id.* "The conduct allegedly causing the deprivation of a constitutional law must be 'fairly attributable' to the state." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001).  "Not every action undertaken by a state actor is under color of state law." *Davis v. Robert*, 2016 WL 3541227, at *3 (E.D. Mich. June 29, 2016).

Here, Ms. Mish's email, although sent from her City email account, reflected only her personal opinions about Plaintiffs.  The act of sending the email to Mr. Zerial in response to a blog posting he sent was not a part of Ms. Mish's official responsibilities as City Attorney,[3] and there is no evidence that she was acting in an official capacity.  *See, e.g.*, *Waters*, 242 F.3d at 359; *Redding v. St. Edward*, 241 F.3d 530, 533-34 (6th Cir. 2001) (holding officer not acting under color of state law when allegedly filing a false police report); *Davis v. Robert*, 2016 WL

---

[3] As Plaintiffs have alleged in their Complaint, the City Attorney "[a]dministers the operations and staff of the law department," "plans, organizes, and directs the programs and activities of the law department," and "reviews operations, makes assignments, and applies effective legal policies, practices, and procedures."  **Ex. A**, Complaint ¶ 53.

3541227, at *3 (E.D. Mich. June 29, 2016) (finding municipal official not acting under color of state law for remarks made at a golf outing and to a Board where plaintiffs did not establish official misused her position and authority); *Hogan v. Winder*, 762 F.3d 1096 (10th Cir. 2014) (finding mayor not acting under color of state law when he wrote an article about a state contractor where mayor was not writing the article as a part of his mayoral duties).  The subject email is nothing more than an exchange between one private citizen to another.

This position is further supported by the duties of the City Attorney enumerated in the City Charter, which include: serving as the legal advisor to the City, trying cases involving the City, preparing contracts, issuing written opinions to the City, maintaining City contracts, and investigating citizen complaints about the City's misapplication or misuse of funds, abuse of its corporate powers, or failure to perform duties required by law.  (**Ex. B**, City Charter § 93).  Moreover, Ms. Mish was required to carry out these responsibilities in a "professional manner."  (**Ex. C**, Mish Contract).  Nowhere in the City Charter, Ms. Mish's contract, or in the duties articulated by Plaintiffs in the Complaint is Ms. Mish tasked with responding to citizen emails with unprofessional, personal opinions on the subject email.  Plaintiffs' Complaint concedes this point: "Defendant Mish exceeded the scope of her authority as the City Attorney."  **Ex. A**, Complaint ¶ 79.  Ms. Mish simply was not acting under the color of state law in sending this email

evincing her own personal opinions, and thus Plaintiffs cannot maintain their Section 1983 action.

### B.   Plaintiffs Fail to State a Claim for Constitutional Violations.

Plaintiffs also fail the second prong of the Section 1983 test: they cannot establish a claim of First Amendment retaliation.  To establish retaliation, Plaintiffs must prove three elements: "(1) plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Here, no adverse action was taken against Plaintiffs that would deter a person of ordinary firmness from engaging in protected conduct.   Although whether an alleged adverse action is sufficient to deter a person of ordinary firmness is generally a question of fact in a Section 1983 action, "when a plaintiff's alleged adverse action is inconsequential, resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law."  *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012) (affirming grant of judgment on the pleadings when only de minimus injury alleged).

Assuming, *arguendo*, that Plaintiffs' filing of the 2013 lawsuit against the

City and association with the Acton Institute constitute protected conduct, Ms. Mish's email does not amount to an adverse action that was taken to deter a person of ordinary firmness from engaging in that conduct.  To the contrary, the email was sent to Mr. Zerial, an unrelated third party, and consisted of personal opinions about Plaintiff Elise Hilton and her daughter.  Nothing about the content of the email evidences that it was intended to reach Plaintiffs, that it was intended to deter them from continuing their 2013 lawsuit against the City (which was dismissed for failure to state a claim in March 2016, a month before the email from Ms. Mish was released under the FOIA request), or that it was intended to deter Ms. Hilton from continuing her employment and association with Acton.

Furthermore, Plaintiffs have pled no injury in Counts I and II as a result of the email.  Understandably so, as there has been and can be no injury related to the comments in Ms. Mish's email, particularly as Plaintiffs had already made the information surrounding their daughter's alleged assault public knowledge.  In filing their 2013 Complaint, Plaintiffs provided a highly detailed and graphic account of the alleged rape and subsequent investigation.  *See* **Ex. E**, 2013 Complaint.  Plaintiffs further detailed these circumstances in subsequent briefing on the City's Motion to Dismiss.  *See* **Ex. F**, Plaintiffs' Response Brief.

Plaintiffs raise allegations of emotional distress exclusively against Defendant Mish in Count III.  Even if Plaintiffs had claimed emotional distress in

9

connection with Counts I and II (which they did not), this still would not be sufficient injury to rise to the level required to maintain their First Amendment retaliation claims against the City.  *See, e.g.*,  *Wurzelbacher*, 675 F.3d at 583-84 (affirming judgment on the pleadings in favor of defendants because claims of emotional distress, harassment, personal humiliation, and embarrassment were "too generalized to withstand judgment on the pleadings"); *Mezibov v. Allen*, 411 F.3d 712, 722 (6th Cir. 2005) (dismissing a First Amendment retaliation claim when allegations of "emotional anguish and distress" were insufficient to establish the requisite level of "specific or concret[e] personal injury"); *Mattox v. City of Forest Park*, 183 F.3d 515, 523 (6th Cir. 1999) (affirming dismissal because plaintiff "offers only generalized statements about the effect on her character and reputation. . . . Nowhere does she attempt to concretize her personal injury.").  No new details about Plaintiffs' daughter's alleged assault were included in Ms. Mish's email that had not already been publically released by Plaintiffs in the pleadings and briefings associated with their 2013 Complaint.  Thus, the alleged adverse action was "inconsequential, resulting in nothing more than a de minimis injury." *Wurzelbacher*, 675 F.3d at 583-84.  Because Plaintiffs cannot satisfy their burden of establishing the requisite adverse action, their First Amendment retaliation claims fail and should be dismissed.

II.    **The City Is Not Liable for the Actions of Defendant Catherine Mish as Her Actions Were Not Sanctioned by the City and Neither Created nor**

**Represented Official City Policy (Counts I and II).**

According to the Supreme Court's seminal decision in *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), municipalities can be subject to direct liability under Section 1983 only when the action of the municipality itself can be said to have caused the harm, such as when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." 436 U.S. at 690. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Id.* at 694.

A municipality cannot be held liable on the mere fact that the municipality employed the offending official. *Id.* at 691. Section 1983 claims premised solely on vicarious liability or *respondeat superior* are without merit. *Id.* Therefore, a plaintiff must show that a municipality's policy (or lack thereof) was a "moving force" in the deprivation of the plaintiff's rights and arose from "deliberate indifference" to the rights of its citizens. *See Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996). The *Monell* Court further clarified that "the touchstone of the Section 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the

Constitution . . ."  436 U.S. at 690-91, 98.  "At the very least there must be an affirmative link between the policy and the particular Constitutional violation alleged."  *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

"The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).  Municipal liability is "limited to acts . . . which the municipality has officially sanctioned or ordered."  *Id.* at 480.  "Municipal liability attaches *only* where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."  *Id.* at 482 (emphasis added).  "The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."  *Id.* at 482.

Here, Plaintiffs seek to establish a claim of municipal liability against the City under 42 U.S.C. § 1983 for Ms. Mish's decision to send an inappropriate email voicing her own personal opinions about Plaintiff Elise Hilton and her daughter.  In doing so, Plaintiffs rely on *Pembaur v. City of Cincinnati* in an attempt to establish that Ms. Mish was an "ultimate decisionmaker" for the City and that she was "one who establish[ed] government policy."  **Ex. A**, Complaint

¶51.  But Plaintiffs' reliance on *Pembaur* is misplaced.  Ms. Mish was not an "ultimate decisionmaker" for the City, nor was she authorized to establish City policy.  As described in Section I above, Ms. Mish's authority was clearly defined and limited in scope under the provisions of the City Charter and her publically-approved contract.  *See* **Ex. C**, Mish Contract; **Ex. D**, Commission Resolution Approving Mish Contract.  Her role as City Attorney did not include establishing government policy – in the context of the City Charter, policymaking is limited to the members of the City Commission.  *See* **Ex. B**, City Charter, Title V.

Furthermore, Plaintiffs fail to plead the existence of an official policy for which the City can be liable and have alleged no official policy that was the "moving force" in the claimed deprivation of Plaintiffs' rights, as required by *Monnell* and *Pembaur*.  Courts routinely dismiss Section 1983 cases for plaintiffs' failure to plead a specific municipal policy or practice in their complaints.  *See, e.g.*, *Barnier v. Szentmiklosi*, 810 F.2d 594, 599 (6th Cir. 1986) (dismissing Section 1983 claim for municipal liability when plaintiff failed to allege or demonstrate any practice or custom on the part of the city regarding its employees' actions); *Fluellen v. United States Dep't of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206, 1215 (E.D. Mich. 1993) (holding that a "complete failure to plead a policy or custom would result in dismissal"); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (dismissing plaintiff who did not plead the existence of "an

unconstitutional practice, custom, or policy of the City . . . as it related to the facts of [the] case"). Thus, Plaintiffs' inability to "identify a government policy or custom that caused [their] alleged injury negates the possibility that the City was, in fact, the "moving force" behind the injury alleged." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

In addition, Defendant Mish's alleged actions in sending the March 2015 email can in no way be said to have been officially "sanctioned or ordered" by the City. Plaintiffs are suggesting the Court adopt the position that *Monnell* expressly prohibits: vicarious liability on the sole basis that Ms. Mish was once employed by the City. *See* **Ex. A**, Complaint ¶ 56. As the Supreme Court has clearly stated, simply because Ms. Mish may or may not have been in a quasi-decision making position does not render the City automatically liable for Ms. Mish's off-the-cuff statements that were in no way connected to a City policy. *Monnell*, 436 U.S. at 691. This is exactly the type of lawsuit from which municipalities are protected under *Monnell*. Counts I and II therefore fail against the City and should be dismissed.

## CONCLUSION

For the reasons stated above, Defendant City of Grand Rapids respectfully requests that this Honorable Court grant its Motion to Dismiss.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

s/  Laura S. Amtsbuechler
Laura Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorneys for Defendant, City of Grand
Rapids
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/  Laura S. Amtsbuechler

15