UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISE HILTON, ED HILTON,
as individuals and as next friends          Case No. 16-00702
For "EH," a mentally disabled adult,         Hon. Gordon J. Quist
                                             Magistrate Judge Ellen S. Carmody

            Plaintiffs,

v                                            **DEFENDANT CATHERINE MISH'S**
                                             **MOTION TO DISMISS**

CATHERINE MISH and
THE CITY OF GRAND RAPIDS,                     **\*\*ORAL ARGUMENT REQUESTED\*\***

            Defendants.

---

FIXEL AND NYEHOLT, PLLC           JOHNSON, ROSATI, SCHULTZ
Joni M. Fixel (P56712)            & JOPPICH, P.C.
Collin H. Nyeholt (P74132)        Laura S. Amtsbuechler (P36972)
Attorneys for Plaintiffs          Laura Bailey Brown (P79742)
4084 Okemos Road, Suite B         Attorneys for Defendant
Okemos, MI  48823                 City of Grand Rapids
(517) 332-3390/Fax: (517) 853-0434   27555 Executive Drive, Suite 250
jfixel@fixellawoffices.com        Farmington Hills, MI  48331
cnyeholt@fixellawoffices.com      (248) 489-4100/Fax: (248) 489-1726
                                  lamtsbuechler@jrsjlaw.com
                                  lbrown@jrsjlaw.com

                                  KELLER THOMA, P.C.
                                  Thomas L Fleury (P24064)
                                  Gouri G. Sashital (P64628)
                                  Stacy L. Jitianu (P74873)
                                  Attorneys for Defendant Catherine Mish
                                  26555 Evergreen Road, Suite 1240
                                  Southfield, MI  48076
                                  (313) 965-7610/Fax: (313) 965-4480
                                  tlf@kellerthoma.com
                                  gsr@kellerthoma.com
                                  slj@kellerthoma.com

---

**DEFENDANT CATHERINE MISH'S**
**<u>MOTION TO DISMISS</u>**

NOW COMES Defendant, CATHERINE MISH, by her attorneys, KELLER THOMA, P.C., and for her Motion to Dismiss, states as follows:

1.     Plaintiffs filed this Complaint on June 6, 2016, alleging the following claims against Ms. Mish:  Count I alleges First Amendment Retaliation – Legal Redress of Grievances under 42 U.S.C. § 1983; Count II alleges First Amendment Retaliation – Freedom of Speech and Association under 42 U.S.C. § 1983; and Count III alleges intentional infliction of emotional distress under Michigan law.  (Dkt. #1, Complaint).

2.     For the reasons set forth in the attached Brief in Support, Ms. Mish moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 10 as to all claims Plaintiffs assert against her in their Complaint.

3.     Counsel for Ms. Mish sought concurrence from Plaintiffs' counsel on August 22, 2016 regarding the relief requested in this Motion, as required by Local Rule 7.1(d), but did not obtain concurrence, making it necessary to file this Motion.

WHEREFORE, Defendant Catherine Mish respectfully requests the Court to grant her Motion to Dismiss, dismiss Plaintiffs' Complaint in its entirety with prejudice, and award such other relief as the Court deems appropriate.

2

Respectfully submitted,

**KELLER THOMA, P.C.**

By:  /s/ Gouri G. Sashital
Thomas L. Fleury (P24064)
Gouri G. Sashital (P64628)
Stacy L. Jitianu (P748730)
Attorneys for Defendant Mish
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-0857
tlf@kellerthoma.com
Dated:  August 26, 2016            gsr@kellerthoma.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISE HILTON, ED HILTON,
as individuals and as next friends
For "EH," a mentally disabled adult,

       Plaintiffs,              Case No. 16-00702

v                                 Hon. Gordon J. Quist
                                 Magistrate Judge Ellen S. Carmody

CATHERINE MISH and
THE CITY OF GRAND RAPIDS,

       Defendants.

---

FIXEL AND NYEHOLT, PLLC        JOHNSON, ROSATI, SCHULTZ
Joni M. Fixel (P56712)             & JOPPICH, P.C.
Collin H. Nyeholt (P74132)        Laura S. Amtsbuechler (P36972)
Attorneys for Plaintiffs            Laura Bailey Brown (P79742)
4084 Okemos Road, Suite B        Attorneys for Defendant,
Okemos, MI  48823               City of Grand Rapids
(517) 332-3390/Fax: (517) 853-0434  27555 Executive Drive, Suite 250
                                        Farmington Hills, MI  48331
                                        (248) 489-4100/Fax: (248) 489-1726

                                        KELLER THOMA, P.C.
                                        Thomas L Fleury (P24064)
                                        Gouri G. Sashital (P64628)
                                        Stacy L. Jitianu (P74873)
                                        Attorneys for Defendant Catherine Mish
                                        26555 Evergreen Road, Suite 1240
                                        Southfield, MI  48076
                                        (313) 965-7610/Fax: (313) 965-4480

---

**BRIEF IN SUPPORT OF DEFENDANT CATHERINE MISH'S
<u>MOTION TO DISMISS</u>**

**\*\*ORAL ARGUMENT REQUESTED\*\***

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ..................................................................iii

ISSUES PRESENTED...........................................................................iv

INTRODUCTION ..................................................................................1

STATEMENT OF FACTS .....................................................................1

LEGAL STANDARD.............................................................................6

ARGUMENT ..........................................................................................7

I.   PLAINTIFFS' §1983 CLAIMS MUST BE DISMISSED.........................7

    A.   Ms. Mish's Email Was Not An Action Taken Under Color Of State Law..................................................................................7

    B.   Ms. Mish Is Entitled To Qualified Immunity ...................................10

        1.   Plaintiffs Fail To State Claims of Constitutional Violations...11

            a.   Plaintiffs Allege Only Adverse Statements, Which Do Not Constitute Adverse Actions ..............................11

            b.   Plaintiffs Have Not Alleged Facts Demonstrating That Ms. Mish's Email Resulted in Specific Harm To Them......................................................................13

            c.   Plaintiffs Do Not Allege Any Acts Sufficient To Deter Further Action....................................................16

        2.   Plaintiffs Fail To State Claims That Ms. Mish Violated A Clearly Established Constitutional Right.................................17

II.   PLAINTIFFS' IIED CLAIMS MUST BE DISMISSED .............................20

A.   Plaintiffs Have Not Alleged Facts Showing That Ms. Mish's Statements Were Extreme and Outrageous .........................................20

B.   Plaintiffs Have Not Pled Any Facts Demonstrating Ms. Mish's Intent Or Recklessness ...........................................................22

C.   Plaintiffs Have Not Alleged Facts Showing They Suffered Actual Emotional Distress ...................................................23

III.   PLAINTIFFS' PUNITIVE DAMAGES CLAIMS MUST BE DISMISSED ...........................................................................24

IV.   PLAINTIFF EH'S CLAIMS MUST BE DISMISSED UNDER RULE 10 ....................................................................................24

CONCLUSION ...................................................................................25

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) ......................................6

*Atlanta Cmty. Sch. v. Alpena-Montmorency-Alcona Educ. Serv. Dist.*,
  2012 WL 4133563 (E.D. Mich. Sept. 18, 2012) ................................................12

*BE & K Const. v. NLRB*,
  536 US 516, 122 S. Ct. 2390 .............................................................................19

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) ...............................6, 22

*Bill Johnson's Rest. Inc., v. NLRB*,
  461 US 731, 103 S. Ct. 2161, 76 L.Ed. 2d 277 (1983) ......................................19

*Burris v. Thorpe*,
  166 F3d. Appx. 799 (6th Cir. 2006) ...................................................................10

*Casey v. Auto Owners Ins. Co.*,
  273 Mich. App. 388; 729 N.W.2d 277 (2006) ....................................................24

*Cherri v. Mueller*,
  951 F.Supp.2d 918 (E.D. Mich.2013) .................................................................17

*Cherrington v. Skeeter*,
  344 F.3d 631 (6th Cir. 2003) ................................................................................8

*Citizens for a Strong Ohio v. Marsh*,
  123 Fed.Appx. 630 (6th Cir. 2005)......................................................................25

*Colson v. Grohman*,
  174 F.3d 498 (5th Cir.1999) ...............................................................................13

*Colvin v. McDougall*,
  62 F.3d 1316 (11th Cir. 1995) ............................................................................24

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
  648 F.3d 365 (6th Cir.2011) .................................................................................6

*Davis v. Robert*,
  2016 WL 3541227 (E.D. Mich. June 29, 2016) ....................................................8

*Doe v. Porter*,
  370 F.3d 558 (6th Cir. 2004) ..............................................................................25

*Fremont Reorganizing Corp. v. Duke,*
  811 F. Supp. 2d 1323 (E.D. Mich. 2011) ...........................................................22

*Fritz v. Charter Twp. of Comstock*,
   592 F.3d 718 (6th Cir.2010) ............................................................... 11, 16

*Garretson v. City of Madison Heights*,
   407 F.3d 789 (6th Cir.2005) ...............................................................22

*Gilbert v. DaimlerChrysler Corp.*,
   470 Mich. 749, 685 NW2d 391 (2004).................................................24

*Granger v. Klein*,
   197 F.Supp. 2d 851 (E.D. Mich.2002) .................................................23

*Hayley v. Allstate Ins. Co.*,
   262 Mich.App. 571, 686 N.W.2d 273 (2004).......................................20

*Henry v. Metro. Sewer Dist.*,
   922 F.2d 332 (6th Cir.1990) ................................................................11

*Hogan v. Winder*,
   762 F.3d 1096 (10th Cir. 2014) ...........................................................10

*Kreipke v. Wayne State Univ.*,
   807 F.3d 768 (6th Cir.2015) ..................................................................6

*Lewis v. LeGrow*,
   258 Mich.App. 175, 670 N.W.2d 675 (2003).......................................20

*Marksbury v. Elder*,
   2011 WL 5598419 (E.D. Ky. Nov. 17, 2011) ......................................24

*Mattox v. City of Forest Park*,
   183 F.3d 515 (6th Cir.1999) ..................................................... 14, 15, 16

*McComas v. Bd. of Educ., Rock Hill Local Sch. Dist.*,
   422 F.App'x 462 (6th Cir.2011).................................................... 15, 16

*Mezibov v. Allen*,
   411 F.3d 712 (6th Cir.2005) ...................................................... 14, 16

*Mooneyhan v. Hawkins*,
   129 F.3d 1264 (6th Cir. 1997) ...............................................................8

*Newport v. Fact Concerts, Inc.*,
   453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).........................24

*Nykoriak v. Bilinski*,
   2015 WL 1227740 (Mich.Ct.App. Mar. 17, 2015)........................ 20, 21

*Occupy Nashville v. Haslam*,
   769 F.3d 434 (6th Cir. 2014) ................................................................19

*Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortage Corp.*,
   _ F3d _, No. 14-4189, 2016 WL 3916011 at *5 (6th Cir. July 20, 2016) ..............4

*Redding v. St. Edward*,
  241 F. 3d 530 (6th Cir. 2001) ...............................................................9

*Roberts v. Auto–Owners Ins. Co.*,
  422 Mich. 594, 374 N.W.2d 905 (1985)........................................ 20, 21

*Rondigo v. Twp. of Richmond*,
  641 F.3d 673 (6th Cir. 2011) ............................................................2, 3

*Saxon v. Chapman*,
  2006 WL 1237036 (Mich.Ct.App. May 9, 2006)........................... 20, 21

*Saylor v. Bd. of Educ.*,
  118 F.3d 507 (6th Cir.1997) ...............................................................18

*SFS Check, LLC v. First Bank of Delaware*,
  774 F.3d 351 (6th Cir.2014) .................................................................6

*Suarez Corp. Indus. v. McGraw*,
  202 F.3d 676 (4th Cir.2000) ...............................................................13

*Surles v. Leach*,
  2013 WL 5913388 (E.D. Mich. Oct. 31, 2013).....................................23

*Taylor v. City of Falmouth*,
  187 F.App'x 596 (6th Cir.2006)................................................. 11, 12, 13

*Tolan v. Cotton*,
  572 U.S. ——, 134 S.Ct. 1861, 188 L.Ed.2d 895 (2014) ...................18

*VanVorous v. Burmeister*,
  262 Mich.App. 467, 687 NW2d 132 (2004).........................................23

*Waters v. City of Morristown, TN*,
  242 F. 3d 353 (6th Cir. 2001) ................................................. 7, 8, 9, 10

*West v. Atkins*,
  487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) ........................7

*Williams v. Mehra*,
  186 F.3d 685 (6th Cir.1999) ........................................................ 11, 18

*Wurzelbacher v. Jones-Kelley*,
  675 F.3d 580, 583 (6th Cir. 2012) .....................................................14

*X–Men Sec., Inc. v. Pataki*,
  196 F.3d 56 (2d Cir.1999) ..................................................................13

## Statutes

42 U.S.C. § 1983 ........................................................................ passim

## <u>Rules</u>

Fed. R. Civ. P. 12(b)(6) and 10 ........................................................ passim

Fed.R.Civ.Pro. 10(a) ...............................................................24

## ISSUES PRESENTED

I.    WHETHER PLAINTIFFS' §1983 CLAIMS MUST BE DISMISSED BECAUSE MS. MISH WAS NOT ACTING UNDER COLOR OF STATE LAW.

Ms. Mish says "yes."
The Court should say "yes."

II.   WHETHER PLAINTIFFS' §1983 CLAIMS MUST BE DISMISSED BECAUSE MS. MISH IS ENTITLED TO QUALIFIED IMMUNITY.

Ms. Mish says "yes."
The Court should say "yes."

III.  WHETHER PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM MUST BE DISMISSED BECAUSE THEY HAVE NOT ALLEGED FACTS SUPPORTING THE *PRIMA FACIE* ELEMENTS OF THE CLAIM.

Ms. Mish says "yes."
The Court should say "yes."

IV.   WHETHER PLAINTIFFS' PUNITIVE DAMAGES CLAIMS MUST BE DISMISSED BECAUSE THEY ARE NOT ENTITLED TO SUCH DAMAGES AS A MATTER OF LAW.

Ms. Mish says "yes."
The Court should say "yes."

V.    WHETHER PLAINTIFF EH'S CLAIMS MUST BE DISMISSED BECAUSE SHE HAS NOT SOUGHT A PROTECTIVE ORDER PERMITTING HER TO PROCEED UNDER A PSEUDONYM AS REQUIRED BY FRCP 10.

Ms. Mish says "yes."
The Court should say "yes."

## INTRODUCTION

Defendant Catherine Mish ("Ms. Mish") is the former City Attorney for the City of Grand Rapids ("the City"). This lawsuit arises from an email exchange between Ms. Mish and her friend, Donald Zerial ("Mr. Zerial"), a private citizen. The email in question, which was sent only to Mr. Zerial, contained Ms. Mish's personal thoughts about the Plaintiffs, who were in litigation with the City.

In their Complaint, Plaintiffs allege that, by sending the email to Mr. Zerial, Ms. Mish retaliated against them in violation of the First Amendment for filing a lawsuit against the City and because of Plaintiff Elise Hilton's association with her employer, the Acton Institute. Plaintiffs allege claims of First Amendment retaliation under 42 U.S.C. §1983 and claims of Intentional Infliction of Emotional Distress ("IIED") under Michigan law. For multiple reasons discussed herein, however, Plaintiffs' Complaint should be dismissed under Fed. R. Civ. Pro. 12(b)(6) and 10.

## STATEMENT OF FACTS

The following facts, as alleged in Plaintiffs' Complaint, are accepted as true for purposes of this Motion only.

Ms. Mish is the former City Attorney for the City of Grand Rapids. (Dkt. #1, Complaint ¶ 5). As City Attorney, Ms. Mish job duties included:

- Acting as the City's legal advisor.

- Preparing and issuing written opinions to the City.

- Conducting trials for the City.

- Preparing and maintaining contracts to which the City was a party.

- Investigating citizen complaints regarding the City's misapplication of funds, abuse of its corporate powers, non or improper performance of its contracts, or failure to perform its duties required by law. (Ex.1, City Charter §93).[1]

Plaintiffs Elise and Ed Hilton are the parents and guardians of Plaintiff EH, a mentally disabled adult. (Dkt. #1, Complaint ¶ 3). On July 8, 2013, Plaintiffs filed a lawsuit against the City alleging violations of their equal protection rights ("the 2013 lawsuit"). (Dkt. #1, Complaint, ¶ 13). The 2013 lawsuit alleged that:

- On January 16, 2012, when EH was 16 years old, she was disruptive at school and told to leave. (Dkt. #1, Complaint, ¶ 10).

- EH left the school, was lured into a house, and repeatedly raped over the next several days by individuals believed to be "involved in human trafficking." (Dkt. #1, Complaint, ¶¶ 10, 11).

- EH eventually escaped in a bed sheet and was found cowering in an abandoned building. (Dkt. #1, Complaint, ¶ 11).

- After interviewing EH, the City's Police Department declined to investigate further and the Prosecutor declined to pursue charges against EH's abductors. (Dkt. #1, Complaint, ¶ 12).

In pleadings and other briefing filed in the 2013 lawsuit, Plaintiffs disclosed

---

[1] The City Charter enumerating Ms. Mish's job duties as the City Attorney constitutes a public record for purposes of this Rule 12(b)(6) Motion, and accordingly the inclusion of this publicly available record does not convert this Motion into a summary judgment motion. *Rondigo v. Twp. of Richmond*, 641 F.3d 673, 680-681 (6th Cir. 2011). In any case, Plaintiffs' Complaint alleges various job duties Ms. Mish held as the City Attorney. (Dkt. #1, Complaint, ¶ 53).

graphic details about EH's alleged abduction and rape, including:[2]

- She walked away from her school and was reported as a runaway. (Ex. 2, 2013 Complaint, ¶ 34; Ex.3, Response to Motion to Dismiss, at Page ID 444-45).

- She went into a stranger's home and drank beer offered to her. After doing so, she was raped. (Ex. 2, 2013 Complaint, ¶ 35).

- She went with the stranger to another house for a party, where she performed sex acts and was raped by a second man. (Ex. 2, 2013 Complaint, ¶ 36).

- She was named as the daughter of Plaintiff Elise and/or Ed Hilton, which revealed her identity. (Ex. 3, Response to Motion to Dismiss, at Page ID 444; Ex. 4, Response to Motion for Summary Judgment, at Page ID 485).

- She contacted Plaintiffs Elise and Ed Hilton after she walked away from her school to say that she was "Okay." (Ex. 3, Response to Motion to Dismiss, at Page ID 444; Ex. 5, Response to Motion to Dismiss, at Page ID 815).

- She had a police history and was on probation at the time of events underlying the Plaintiffs' 2013 Complaint. (Ex. 2, Complaint, ¶ 49; Ex. 3, Response to Motion to Dismiss, at Page ID 444-45; Ex. 5, Response to Motion to Dismiss, at Page ID 815-816, 822).

Plaintiffs' 2013 lawsuit filings also disclosed opinions about EH that were expressed by other individuals (*i.e.* not Ms. Mish), such as that EH was a "bad" girl and had been prostituting herself for money, was a runaway, and was a "pathetic witness." (Ex. 3, Response to Motion to Dismiss, at Page ID 446; Ex., 3, Response

---

[2] Pleadings filed in the 2013 lawsuit are public records for purposes of this Rule 12(b)(6) Motion, and accordingly the inclusion of these publicly available records does not convert this Motion into a summary judgment motion. *Rondigo v. Twp. of Richmond*, 641 F.3d 673, 680-681 (6th Cir. 2011). In any case, Plaintiffs' Complaint includes allegations raised in the 2013 lawsuit. (Dkt. #1, Complaint, ¶¶10-12).

to Motion to Dismiss, at Page ID 444; Ex. 5, Response to Motion to Dismiss, at Page ID 817; Ex. 5, Response to Motion to Dismiss, at Page ID 821; Ex. 5, Response to Motion to Dismiss, at Page ID 822). The City was dismissed from the 2013 lawsuit on March 24, 2016. (Dkt. #9, City's Motion to Dismiss, Ex. G).

During the time period relevant to the present Complaint, Plaintiff Elise Hilton was an employee of the Acton Institute. (Dkt. #1, Complaint, ¶ 14). In or around 2014, the Acton Institute applied to the City for a tax exemption. (Dkt. #1, Complaint, ¶¶ 16, 17). The City denied the request, and an appeal followed, which was resolved by a consent judgment. (Dkt. #1, Complaint, ¶ 17).

On or around March 5, 2015, Mr. Zerial emailed Ms. Mish a link to a posting on the Acton Institute's website. (Dkt. #1, Complaint, ¶ 20). Mr. Zerial's email was actually directed to Julie Hoogland, Editor for the *Grand Rapids Press*, and Ms. Mish was blind copied. (Ex.6, 3/5/15 Email).[3] The email described a lecture by a Hillsdale College professor scheduled at the Acton Institute; Ms. Mish is an alumnae of Hillsdale College, a fact that Ms. Mish and Mr. Zerial often discussed. In his email to Ms. Hoogland, Mr. Zerial exhorted the *Grand Rapids Press* to "have a reporter"

---

[3] The full email exchange between Mr. Zerial and Ms. Mish is attached as *Ex*hibit 6. Because Plaintiffs' Complaint incorporates a portion of this email exchange (Dkt. #1, Complaint, ¶ 22), the Court may consider the full email exchange in ruling on this 12(b)(6) Motion without converting the Motion into one for summary judgment. *Ohio Pub. Employees Ret. Sys. v. Fed. Home Loan Mortgage Corp.*, _ F.3d _, No. 14-4189, 2016 WL 3916011, at *5 (6th Cir. July 20, 2016) (Ex. 7).

attend the lecture and "do a Press review." (*Id.*)  Ms. Mish subsequently responded

to Mr. Zerial only from her City email account:

> I find this particularly ironic…if you scroll down on the attachment you
> sent me, and get to upcoming events, you see this entry:
>
> April 29 – Acton Art Series – The Scarlet Cord – the Evils of Sex
> Trafficking with Pam Alderman and Elise Hilton.
>
> Elise Hilton is a staff member of Acton Institute here in GR. Her
> daughter, at the age of 15-16 or thereabouts, ran away from home (ran
> away from her "alternative" high school in downtown GR). She
> wandered the streets of downtown Grand Rapids, acting as a prostitute
> in exchange for heroin, cocaine, alcohol and so forth.  Her father talked
> to her on her cell phone and asked where she was / asked her to come
> home.  She refused to come home and refused to tell her father where
> she was.  The police finally found her after many days of her escapades
> in trading sex for drugs.
>
> And the result?  Ms. Elise Hilton the Acton hypocrite dares to sue the
> City of Grand Rapids, blaming the GRPD for the fact that her daughter
> ran away from home to become a crack and heroin whore.  Currently
> pending litigation.  Case No. I-13-CV-00727, assigned to Hon. Paul
> Maloney, U.S. District Court for the Western District of Michigan.
> Apparently, Ms. Hilton the Acton hypocrite believes that the
> government is the cause of her family's woes. Therefore, the
> government owes them a pile of money!  It must be the police
> department's fault, and she and her husband Ed believe they are owed
> money for this!
>
> The young woman did not run away from home to become a crack and
> heroin whore because of anything done by the City of Grand Rapids or
> the GRPD. We did not raise her and did not influence her life choices
> in this regard. The hypocrisy of the Acton Institute and its employees
> is simply amazing. Beware that you are dealing with hypocrites, sir.
> (Dkt. #1, Complaint, ¶ 22; Ex.6, 3/5/15 Email).

The email did not disclose Plaintiff EH's name. (Dkt. #1, Complaint, ¶ 22).

In or around April, 2016, the City released Ms. Mish's March 2015 email in response to a Freedom of Information Act ("FOIA") request seeking documents relating to the Acton Institute tax dispute. (Dkt. #1, Complaint, ¶ 36). The email was subsequently forwarded to Plaintiff Elise Hilton. (Dkt. #1, Complaint, ¶ 38).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir.2015) (citation omitted). The plaintiff must provide enough factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007). The claim for relief must also be plausible on its face. *Id*. at 570, 127 S.Ct. at 1974; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (citation omitted).

When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir.2011). Naked assertions without factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir.2014).

## ARGUMENT

## I.   PLAINTIFFS' §1983 CLAIMS MUST BE DISMISSED.

In Counts I and II of their Complaint, Plaintiffs allege that, by emailing Mr. Zerial her personal thoughts about them, Ms. Mish retaliated against them for exercising their First Amendment rights, in violation of 42 U.S.C. §1983 ("§1983"). (Dkt. #1, Complaint). For several reasons, Plaintiffs' claims fail as a matter of law.

### A. Ms. Mish's Email Was Not An Action Taken Under Color of State Law.

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50 (citations omitted). However, "*[n]ot every action undertaken by a person who happens to be a state actor is attributable to the state*." *Waters v. City of Morristown, TN*, 242 F. 3d 353, 359 (6th Cir. 2001). There is no state action for §1983 purposes "unless a state actor's conduct *occurs in the course of performing an actual or apparent duty of his office*, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Id.* (emphasis added). "*[T]he acts of state officials in the ambit of their personal pursuits do not constitute state action*." *Id.*

In this case, Plaintiffs' Complaint fails to demonstrate that Ms. Mish's email to Mr. Zerial occurred "in the course of performing an actual or apparent duty" of her job as the City Attorney. *Waters*, 242 F.3d at 359.[4] Plaintiffs allege that in sending the email, Ms. Mish was "responding to an advocate citizen's concerns" pertaining to the Acton Institute tax dispute. (Dkt. #1, Complaint, ¶ 24). This is false, as the full email exchange between Mr. Zerial and Ms. Mish demonstrates that 1) Mr. Zerial's email was not even directed at Ms. Mish, but rather at the Editor of the *Grand Rapids Press*, and 2) Mr. Zerial's email had nothing to do with the tax dispute, but was instead an exhortation to the newspaper that it report on a lecture the Acton Institute was scheduling. (Ex. 6, 3/5/15 Email). It was Mr. Zerial's promotion of the Acton Institute that Ms. Mish was responding to when she emailed Mr. Zerial.

In any event, it is irrelevant whether Ms. Mish was responding to Mr. Zerial's

---

[4] Nor do Plaintiffs allege that Ms. Mish misused her authority as the City Attorney by sending the email, which is the second way in which state action may be established. *Waters*, 242 F.3d at 359; *Cherrington v. Skeeter,* 344 F.3d 631, 644 (6th Cir. 2003) ("[B]efore a defendant may be held liable under section 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights.") (emphasis in original); *Mooneyhan v. Hawkins*, 129 F.3d 1264, *4 (6th Cir. 1997) (off-duty police officer was not acting under color of state law where "he did not exercise or purport to exercise his authority as a police officer in order to rape [the plaintiff]"); *Davis v. Robert*, 2016 WL 3541227, at *3 (E.D. Mich. June 29, 2016) (board member's statements were not state action because "there are no facts to suggest Hall attempted to, or did, flex her own state authority" in making the statements) (Ex. 8). Nothing in Plaintiffs' Complaint indicates that Ms. Mish was misusing her authority as the City Attorney by sharing her personal thoughts about the Plaintiffs with Mr. Zerial.

promotion of the Acton Institute or responding to his "concerns" about the tax dispute, since neither of these actions fall within Ms. Mish's job duties as the City Attorney. Plaintiffs' own Complaint makes that clear. Responding to emails by private citizens is not among the duties Plaintiffs allege are the responsibility of the City Attorney. (Dkt. #1, Complaint, ¶ 53: describing City Attorney job duties as "Administers the operations and staff of the law department," "plans, organizes, and directs the programs and activities of the law department," "prepares and administers the annual budget and work plan for the department," and "reviews operations, makes assignments, and applies effective legal policies, practices, and procedures.").

Nor is responding to a private citizen's email among the job duties of the City Attorney enumerated in the City Charter. These include being the City's legal advisor; providing written opinions to the City; conducting trials for the City; preparing and/or maintaining contracts in which the City is a party; and investigating citizen complaints regarding the City's misapplication of funds, abuse of powers, non or improper performance of contracts, or failure to perform duties required by law. (Ex.1, City Charter §93). Indeed, Plaintiffs concede that Ms. Mish's email "exceeded the scope of her authority as the City Attorney." (Dkt. #1, Complaint, ¶ 79). Thus, Ms. Mish's act of responding to Mr. Zerial's email is not state action under §1983, because it was not part of her job duties as the City Attorney. *Waters*, 242 F. 3d at 359; *Redding v. St. Edward*, 241 F. 3d 530, 533-534 (6th Cir. 2001)

9

(officer did not act under color of state law in allegedly filing a false police report); *Hogan v. Winder*, 762 F.3d 1096 (10th Cir. 2014) (mayor did not act under color of state law in writing an article, where writing the article was not part of his duties).

The fact that Ms. Mish responded to Mr. Zerial's email using her City issued email account does not change this conclusion, since the relevant inquiry is whether the act of sending the email to Mr. Zerial "related in some meaningful way either to [Ms. Mish's] governmental status [as City Attorney] or to the performance of [her] duties." *Waters*, 242 F.3d at 359. "It is the nature of the act performed, ***not the clothing of the actor or even the status of being on duty***…which determines whether the [individual] has acted under the color of law." *Burris v. Thorpe*, 166 F3d. Appx. 799, 802 (6th Cir. 2006) (emphasis added) (citations omitted). As shown above, the "act performed"—*i.e.* Ms. Mish's sending an email to Mr. Zerial expressing her personal thoughts about the Plaintiffs—was not related in *any* way to her position or job duties as the City Attorney. Nor is there any indication that Ms. Mish was invoking her status or authority as the City Attorney in sharing her thoughts about the Plaintiffs with Mr. Zerial. (Dkt. #1, Complaint, ¶ 22; Ex. 6, 3/5/15 Email). Counts I and II must accordingly be dismissed.

### B. Ms. Mish Is Entitled To Qualified Immunity.

Governmental employees are shielded from §1983 liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 339 (6th Cir.1990). To overcome qualified immunity, each Plaintiff must establish: (1) that Ms. Mish's actions violated his or her constitutional right, and (2) that the right was clearly established at the time of Ms. Mish's actions. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999).

    1.  <u>Plaintiffs Fail to State Claims of Constitutional Violations.</u>

Plaintiffs allege that Ms. Mish violated their First Amendment right to seek legal redress (Count I), and Plaintiff Elise Hilton alleges Ms. Mish also violated her First Amendment right of association with her employer, the Acton Institute (Count II). (Dkt. #1, Complaint). To prevail on these claims, each Plaintiff must prove that: (1) he or she engaged in protected conduct, (2) Ms. Mish took an adverse action against him or her that would deter a person of ordinary firmness from continuing to engage in the protected conduct, and (3) the adverse action was taken because of his or her protected conduct. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir.2010). For purposes of this Motion, Ms. Mish disputes only the second element.

    a.  <u>Plaintiffs Allege Only Adverse Statements, Which Do Not Constitute Adverse Actions</u>.

The Sixth Circuit has explicitly declined to hold that "adverse statements" satisfy the "adverse action" element necessary to set forth a *prima facie* First Amendment retaliation claim. In *Taylor v. City of Falmouth*, 187 F.App'x 596, 598 (6th Cir.2006), the plaintiff alleged that a city councilman, during an open session

11

of a council meeting, called him a "big black bastard" and invited him to "step outside." When the plaintiff exited the building, police officers detained him for 30-45 minutes. *Id*. The plaintiff argued that the racial insult, the councilman's request to step outside (presumably to fight), and the police interference created an adverse action sufficient to support a First Amendment retaliation claim. *Id*. at 599.

The Court ***rejected*** the plaintiff's argument. *Taylor*, 187 F.App'x. at 600-601. The Court first observed that "[w]e have not…specifically stated that *verbal abuse* is sufficient (or insufficient) evidence of adverse action," and then cited with approval to cases from the Fifth and Eight Circuits for the proposition that "***[m]ere allegations of verbal abuse do not present actionable claims under § 1983***." *Id*. (emphasis added) (citations omitted). The Court further noted that the "distinction" between adverse *statements* and adverse *actions* "is consistent with our precedent." *Id*. In finding against the plaintiff, the Court held:

> Similarly, although we have held that in some cases injury based on embarrassment, humiliation, and emotional distress is sufficient to maintain a § 1983 action, we have also cautioned that § 1983 is a tort statute, and ***we must be careful to ensure that real injury is involved, lest we trivialize the First Amendment by sanctioning a retaliation claim even if it is unlikely that the exercise of First Amendment rights was actually deterred***. Such a caution applies to the instant case. *Id*. (emphasis added) (internal citations, quotations, and brackets omitted).

See also *Atlanta Cmty. Sch. v. Alpena-Montmorency-Alcona Educ. Serv. Dist*., 2012 WL 4133563, at *17 (E.D. Mich. Sept. 18, 2012) (Ex. 9) (disparaging public statements about plaintiff not an adverse action for purposes of a First Amendment

12

retaliation claim); *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 70–71 (2d Cir.1999) (in the absence of threats, intimidation, or coercion, "disparaging, accusatory, or untrue statements" fail to state a claim for violation of constitutional rights); *Colson v. Grohman*, 174 F.3d 498, 512 (5th Cir.1999) (plaintiff "alleged only that she was the victim of criticism, an investigation (or an attempt to start one), and false accusations: all harms that, while they may chill speech, are not actionable"); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 687 (4th Cir.2000) ("where a public official's alleged retaliation is in the nature of speech, in the absence of threat, coercion, or intimidation intimating that punishment, sanction or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights."); *Bondar v. D'Amato*, 2007 WL 1700114 (E.D.Wis. June 11, 2007) (Ex. 10) (no adverse action where public official's statements were accusatory, disparaging, and untrue because the statements did "not assert, or even imply, that he would utilize his governmental power to attempt to silence the Bondars.")

Here, Plaintiffs' §1983 claims fail because they have alleged only adverse *statements* to support their First Amendment retaliation claims, not adverse *actions*. Dismissal of these claims is proper. *Taylor,* 187 F.App'x. at 600-601.

      b.   <u>Plaintiffs Have Not Alleged Facts Demonstrating That Ms. Mish's Email Resulted In Specific Harm To Them.</u>

Not all harm constitutes adverse action sufficient to state a First Amendment

13

retaliation claim. *Mezibov v. Allen*, 411 F.3d 712, 722-723 (6th Cir.2005). "[W]hen a plaintiff's alleged adverse action is inconsequential, resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-584 (6th Cir.2012).

In *Mezibov*, the plaintiff, an attorney, sued the defendant, a city prosecutor, for allegedly defamatory statements the defendant made about the plaintiff in connection with the plaintiff's representation of a criminal defendant. *Mezibov,* 411 at 714. The Sixth Circuit rejected the plaintiff's claim, holding:

> ***Mezibov has failed to allege a specific or concrete personal injury. He merely claims damage to his professional reputation and emotional anguish and distress***.
>
> Any harm to Mezibov as a result of Allen's speech is too minimal to be constitutionally cognizable. ***Mezibov alleges no specific harm-only a generalized harm to his character and reputation***…Mezibov has not alleged sufficient facts to satisfy the adverse action prong for a retaliation claim. *Id.* (emphasis added) (citations, quotations, and brackets omitted).

In *Mattox v. City of Forest Park*, 183 F.3d 515 (6th Cir.1999), the Court rejected a First Amendment retaliation claim because there was no allegation or evidence that the adverse action resulted in "concrete injuries" to the plaintiff. The *Mattox* plaintiff alleged that after she publicly criticized the defendant city, the city released information concerning a traumatic childhood incident she experienced, which caused her embarrassment and humiliation. *Id*. at 523. The Court held:

Neither the complaint nor the briefs allege concrete injuries suffered by

14

Holly as a result of these revelations. She offers only generalized statements about the effect on her character and reputation, about being held up to "ridicule, contempt, shame, and disgrace," and the about the effect on her respectability, comfort, and position in society. ***Nowhere does she attempt to concretize her personal injury. Without anything more specific, we cannot say that this meets the constitutional threshold required for her claim of First Amendment retaliation to proceed***. *Id.* (emphasis added) (brackets omitted).

See also *Wurzelbacher*, 675 F.3d at 584 ("Wurzelbacher does allege that his knowledge of the improper database searches caused him to suffer 'emotional distress, harassment, personal humiliation, and embarrassment.' However, these allegations are too generalized to withstand judgment on the pleadings."); *McComas v. Bd. of Educ., Rock Hill Local Sch. Dist*., 422 F.App'x 462, 469 (6th Cir.2011) (statement by school superintendent that the plaintiff was the aggressor in a fight was "not sufficiently embarrassing to constitute an adverse action.").

As in *Mezibov*, *Mattox*, *Wurzelbacher*, and *McComas*, Plaintiffs here also have not alleged any concrete injuries attributable to Ms. Mish's email. Their Complaint includes only generalized allegations that they have suffered "anger, humiliation, mortification and outrage." (Dkt. #1, Complaint, ¶ 40). But Plaintiffs fail to "concretize [their] personal injury." *Mattox,* 183 F.3d at 523. Nor can they, as Plaintiffs themselves had, long before Ms. Mish sent her email to Mr. Zerial, already publicized explicit details regarding EH's alleged rape in the 2013 lawsuit. (Ex. 2, 2013 Complaint, ¶¶ 35, 49; Ex. 3, Response to Motion to Dismiss, at Page ID 444-45, 446; Ex. 5, Response to Motion to Dismiss, at Page ID 815, 817, 821, 822; Ex.

15

4, Response to Motion for Summary Judgment, at Page ID 485). Ms. Mish's March 2015 email contained no new information from what Plaintiffs themselves had already publicly disclosed in the 2013 lawsuit (or indeed, in the present lawsuit).

As the Sixth Circuit has repeatedly held, Plaintiffs' generalized allegations of injury are simply insufficient as a matter of law to demonstrate an adverse action for purposes of a First Amendment retaliation claim. *Mezibov*, 411 F.3d at 724; *Mattox*, 183 F.3d at 523; *Wurzelbacher*, 675 F.3d at 584; *McComas*, 422 F.App'x at 469. Dismissal of Plaintiffs' §1983 claims is therefore proper. *Id*.

c. Plaintiffs Do Not Allege Any Acts Sufficient To Deter Further Action**.**

Even assuming that Plaintiffs have alleged an adverse action based on Ms. Mish's email to Mr. Zerial, the *prima facie* test requires that Ms. Mish's email be sufficient to deter further action. *Fritz*, 592 F.3d at 723. Where further action was not deterred, the requirement is not met. *Mezibov,* 411 F.3d at 721. In *Mezibov*, the court found no adverse action had been taken in part because:

> To the extent these comments are not constitutionally protected in their own right, we do not think they exact a harm upon Mezibov that would deter an ordinary criminal defense attorney from vigorously representing his clients. If anything, we think the opposite: that such comments would spur the typical attorney to go out of his way to prove them wrong**. *In fact, that appears to be just what happened* ** in Mezibov's case. After Allen made his comments, Mezibov was successful in getting his client's conviction reversed on appeal. *Id.* (emphasis added).

See also *Wurzelbacher*, 675 F.3d at 584 (dismissing claim where "[o]ur conclusion

is supported by the fact that Wurzelbacher was not deterred or chilled in the exercise of his First Amendment rights as a result of defendants' wrongful conduct.") and *Cherri v. Mueller*, 951 F.Supp.2d 918, 936–37 (E.D. Mich.2013) (dismissing claim where plaintiffs "have not established that they were injured in a way likely to deter a person of ordinary firmness from further participation in that activity. Indeed, Plaintiffs themselves have not alleged that they no longer participate in Islamic practices and beliefs because of Defendants' actions.")

Here, Plaintiffs' Complaint does not allege that Ms. Mish's email to Mr. Zerial deterred any Plaintiff from filing a lawsuit or deterred Plaintiff Elise Hilton from continuing her association with the Acton Institute. (Dkt. #1, Complaint). Nor does Ms. Mish's email itself indicate that she intended Plaintiffs to be deterred; indeed, nothing in the email even suggests that she intended Plaintiffs to read it. (Ex. 6, 3/5/15 Email). To the contrary, Plaintiffs were *not* deterred, as they maintained their 2013 lawsuit against the City and initiated this second lawsuit after Ms. Mish's email was disclosed. Dismissal of their §1983 claims is therefore proper.

2. <u>Plaintiffs Fail to State Claims That Ms. Mish Violated a Clearly Established Constitutional Right.</u>

Even assuming that Plaintiffs stated claims of a constitutional violation, dismissal of their §1983 claims is nevertheless proper because they have not sufficiently alleged that the constitutional right Ms. Mish allegedly violated was clearly established under the second prong of the qualified immunity analysis.

*Williams,* 186 F.3d at 691. Under this prong, "the salient question ... is whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional." *Tolan v. Cotton*, 572 U.S. ——, 134 S.Ct. 1861, 1865, 188 L.Ed.2d 895 (2014) (internal citation omitted). "For a constitutional right to be clearly established, "the law must be clear in regard to the official's ***particular*** actions in the ***particular*** situation." *Saylor v. Bd. of Educ.*, 118 F.3d 507, 515 (6th Cir.1997) (emphasis added). "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Id*. (citations omitted).

In this case, Plaintiffs have failed to allege clearly established law that would have placed Ms. Mish on notice on March 5, 2015—the date of her email to Mr. Zerial—that sending an email containing her personal opinions to a personal contact about matters that did not relate to her official functions as the City Attorney would constitute First Amendment retaliation. In their Complaint, Plaintiffs identify two cases that they allege demonstrate that this right was clearly established. (Dkt. #1, Complaint, ¶44). But these cases say *nothing* about the right at issue here, as they address whether, and under what standard, the National Labor Relations Board may enjoin an employer's filing of a lawsuit, in light of the First Amendment right of

access to the courts to petition for redress of grievances. *See Bill Johnson's Rest. Inc., v. NLRB*, 461 US 731, 741, 103 S. Ct. 2161, 76 L.Ed. 2d 277 (1983) and *BE & K Const. v. NLRB*, 536 US 516, 122 S. Ct. 2390, 153 L.3d.2d 499 (2002).

To the extent these cases have any relevance to the issues raised in this lawsuit, such relevance is limited only to the Court's recognition that the First Amendment protects the right to petition for redress of grievances. But, for the right to be clearly established, "the law must be clear in regard to the official's ***particular*** actions in the ***particular*** situation." *Saylor*, 118 at 515 (emphasis added). Plaintiffs' citation to case law regarding the general protections offered under the First Amendment does not suffice as case law putting Ms. Mish on notice that her "particular actions in the particular situation"—*i.e.* sharing her personal thoughts about the Plaintiffs with a personal contact, Mr. Zerial—would infringe on any First Amendment rights of Plaintiffs. *Occupy Nashville v. Haslam*, 769 F.3d 434, 443 (6th Cir. 2014) ("The Supreme Court has repeatedly told courts not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.") Moreover, the cases cited in Argument, Section I.B.1, finding ***no*** First Amendment violation under similar facts, shows that the right at issue is not clearly established. Dismissal of Plaintiffs' §1983 claims is therefore warranted.

19

## II.     PLAINTIFFS' IIED CLAIMS MUST BE DISMISSED.

In Count III, Plaintiffs allege a claim of Intentional Infliction of Emotional Distress ("IIED") under Michigan law.  To maintain this claim, Plaintiffs each must allege that: (1) Ms. Mish's conduct was "extreme and outrageous," (2) Ms. Mish acted with the intention to cause emotional distress, or reckless disregard as to whether it would occur, (3) causation, and (4) that Ms. Mish's conduct actually caused each individual Plaintiff to suffer severe emotional distress.  *Hayley v. Allstate Ins. Co.*, 262 Mich.App. 571, 577, 686 N.W.2d 273, 276 (2004).

### A. Plaintiffs Have Not Alleged Facts Showing That Ms. Mish's Statements Were Extreme And Outrageous.

Initially, it is the court's role to determine whether the defendant's conduct reasonably may be regarded as so extreme and outrageous as to permit recovery. *Lewis v. LeGrow*, 258 Mich.App. 175, 197, 670 N.W.2d 675 (2003). The standard under Michigan law for conduct that satisfies this requirement is stringent. *Saxon v. Chapman*, 2006 WL 1237036, at *1 (Mich.Ct.App. May 9, 2006) (Ex. 11). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are not enough, *Roberts v. Auto–Owners Ins. Co*., 422 Mich. 594, 603, 374 N.W.2d 905, 909 (1985), nor are false statements. *Nykoriak v. Bilinski*, 2015 WL 1227740, at *1 (Mich.Ct.App. Mar. 17, 2015) (Ex. 12) (false statements about the plaintiff, and calling him "The Devil, Criminal Thief, and other inappropriate, immoral and unlawful terms" was not extreme and outrageous conduct).

20

*Saxon* demonstrates how stringent the standard is for "extreme and outrageous" conduct. There, the plaintiff-student alleged that the defendant-teacher told a classroom of students that the plaintiff was a dangerous student; that his father was an alcoholic and in prison; that the plaintiff could have been infected with AIDS and passed the disease to the students who used his knife, and that he would have been considered a murderer if any of the students had subsequently died. The court observed that the alleged comments were "neither sensitive nor discreet," but nonetheless ***dismissed*** the student's IIED claim because "reasonable minds could not conclude that those remarks were sufficiently extreme and outrageous." *Id*.

Here, the conduct Plaintiffs allege to be "extreme and outrageous" includes: 1) Ms. Mish's email referring to EH as a "crack and heroin whore" and 2) releasing information about the investigation into EH's alleged rape that could lead to the identification of EH. (Dkt. #1, Complaint, ¶ 73). None of these allegations meet the stringent standard for "extreme and outrageous conduct" set forth in the case law cited above, especially considering that Plaintiffs themselves released details about EH's alleged rape, with sufficient information to identify EH, long before Ms. Mish emailed similar information to Mr. Zerial. (Ex. 2, 2013 Complaint; Ex. 3, Response to Motion to Dismiss; Ex. 5, Response to Motion to Dismiss; Ex. 4, Response to Motion for Summary Judgment). Dismissal of Plaintiffs' IIED claim is therefore proper. *Roberts*, 374 N.W.2d at 909; *Saxon*, *supra; Nykoriak, supra*.

21

**B. Plaintiffs Have Not Pled Any Facts Demonstrating Ms. Mish's Intent Or Recklessness.**

Plaintiffs' Complaint is ***devoid*** of any factual allegations that establish that Ms. Mish either specifically intended to cause them emotional distress or that her conduct was "so reckless that any reasonable person would know emotional distress would result." *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir.2005). They allege simply that Ms. Mish's conduct "demonstrates intent or, at best, recklessness to the likelihood that severe emotional distress would result from her actions." (Dkt. #1, Complaint, ¶76). This bare legal conclusion, unadorned by any factual allegations, is insufficient as a matter of law to state an IIED claim. *Twombly*, 550 U.S. at 555; *Fremont Reorganizing Corp. v. Duke,* 811 F. Supp. 2d 1323, 1334 (E.D. Mich. 2011) ("bare assertions, such as those that amount to nothing more than a formulaic recitation of the elements of a claim…***are insufficient to state a claim for relief and must be disregarded***.") (emphasis added) (citations omitted).

Moreover, Plaintiffs' bald assertion that it was "reasonably foreseeable" that Ms. Mish's email would "make its way back" to Plaintiffs (Dkt. #1, Complaint, ¶75) does not establish either that Ms. Mish specifically intended to cause emotional distress to Plaintiffs when she drafted the email or that sending it to Mr. Zerial was "so reckless that any reasonable person would know emotional distress [to Plaintiffs] would result." *Garretson*, 407 F.3d at 799. Nothing in the email suggests Ms. Mish intended it to be read by the Plaintiffs; indeed, it was sent only to Mr. Zerial. (Ex. 6,

22

3/5/15 Email). Further, more than a year passed before Plaintiffs even learned of it, and then too they only did so by way of a convoluted, indirect path (*i.e.* the City—not Ms. Mish—released the email pursuant to a FOIA request by a reporter, who then sent it to Plaintiff Elise Hilton). (Dkt. #1, Complaint, ¶¶22, 36, 38).

The intent and/or recklessness element of an IIED claim is also a very high threshold: "No cause of action will necessarily lie even where a defendant acts with tortious or even criminal intent." *VanVorous v. Burmeister*, 262 Mich.App. 467, 481, 687 NW2d 132, 142 (2004). Plaintiffs' Complaint presents no factual allegations demonstrating that Ms. Mish's conduct in this case met this vigorous threshold. Dismissal of Plaintiffs' IIED claims is therefore proper.

### C. Plaintiffs Have Failed To Allege Facts Demonstrating They Suffered Actual Emotional Distress.

To prevail on their IIED claims, Plaintiffs must demonstrate a concrete physical or emotional injury. *Granger v. Klein*, 197 F.Supp. 2d 851, 873 (E.D. Mich.2002); *Surles v. Leach*, 2013 WL 5913388, at *9 (E.D. Mich. Oct. 31, 2013) (Ex. 13), aff'd (Sept. 24, 2014) (insufficient severe emotional distress, even though the plaintiff alleged "great pain," stress, fear and depression). Here, Plaintiffs have not alleged any physical injuries, nor have they, as discussed in Argument, Section I.B.1.b, alleged any concrete emotional injuries. (Dkt. #1, Complaint, ¶ 77). For this reason as well, dismissal of Plaintiffs' IIED is proper.

## III.  PLAINTIFFS' PUNITIVE DAMAGES CLAIMS MUST BE DISMISSED.

Plaintiffs seek punitive damages. (Dkt. #1, Complaint, Wherefore Clause). However, because punitive damages are unavailable in §1983 claims brought against government agencies, *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), they are also unavailable in §1983 claims brought against government employees in their official capacities. *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995) ("We hold that *Newport*'s reasoning applies equally to a Sheriff's Department, thus barring a punitive damage award against Sheriff McDougall in his official capacity."); accord *Marksbury v. Elder,* 2011 WL 5598419, at *9 (E.D. Ky. Nov. 17, 2011) (Ex.14).  Plaintiffs' request for punitive damages based on the §1983 claims against Ms. Mish must therefore be dismissed.

Further, punitive damages "are generally not recoverable in Michigan." *Casey v. Auto Owners Ins. Co.,* 273 Mich. App. 388, 400; 729 N.W.2d 277 (2006). Punitive damages are available "***only*** when expressly authorized by the Legislature." *Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 765, 685 NW2d 391 (2004) (emphasis in original). Since no statutory authority permits Plaintiffs to recover punitive damages for their common law IIED claim, this claim must also be dismissed.

## IV.  PLAINTIFF EH'S CLAIMS MUST BE DISMISSED UNDER RULE 10.

"The title of the complaint ***must*** name all the parties." Fed.R.Civ.Pro. 10(a) (emphasis added). Only in extraordinary circumstances may a plaintiff proceed

24

under a pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630, 636 (6th Cir. 2005). A plaintiff wishing to proceed anonymously must first file a protective order allowing her to proceed under a pseudonym. *Id.* (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). "Failure to seek permission to proceed under a pseudonym is *fatal* to an anonymous plaintiff's case." *Id.* (emphasis added).

Plaintiff EH has not sought a protective order permitting her to proceed under a pseudonym. Absent such a protective order, all claims brought by Plaintiff EH must be dismissed. *Marsh*, 123 Fed.Appx. at 636 (dismissing anonymous plaintiff's claims for failure to seek leave to proceed under a pseudonym).

## CONCLUSION

For the above reasons, Defendant Catherine Mish respectfully requests the Court to grant her Motion to Dismiss, dismiss Plaintiffs' Complaint in its entirety with prejudice, and award such other relief as the Court deems appropriate.

Respectfully submitted,

**KELLER THOMA, P.C.**

By:  /s/ Gouri G. Sashital
Gouri G. Sashital (P64628)
Attorneys for Defendant Mish
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-0857
Dated:  August 26, 2016          gsr@kellerthoma.com

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2016, I electronically filed the foregoing papers, Defendant Catherine Mish's Motion to Dismiss and Brief in Support of Motion to Dismiss and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record as listed on the Notice of Electronic filing and the pleadings herein.

By:  /s/ Gouri G. Sashital _____

Gouri G. Sashital (P64628)