UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISE HILTON, ED HILTON, as
individuals and as next
friends for "EH," a mentally
disabled adult,

Case No. 16-00702
Hon. Gordon J. Quist
Magistrate Judge Ellen S. Carmody

                    Plaintiffs,

v.

CATHERINE MISH and
THE CITY OF GRAND RAPIDS,

                    Defendants.

_____/

| |
|---|
| **Defendant City of Grand Rapids' Reply to Plaintiff's Response to City of Grand Rapids' Motion to Dismiss** |

FIXEL AND NYEHOLT, PLLC
By: Joni M. Fixel (P56712)
      Collin H. Nyeholt (P74132)
Attorneys for Plaintiff
4084 Okemos Road, Ste. B
Okemos, MI 48823
(517) 332-3390/Fax: (517) 853-0434
jfixel@fixellawoffices.com
cnyeholt@fixellawoffices.com

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.
By: Laura S. Amtsbuechler (P36972)
      Laura Bailey Brown (P79742)
Attorneys for City of Grand Rapids
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

KELLER THOMA PC
By: Gouri G. Sashital (P64628)
      Stacy L. Jitianu (P74873)
Attorneys for Catherine Mish
(313) 965-8936/Fax: (313) 965-1531
gsr@kellerthoma.com
slj@kellerthoma.com

_____/

## DEFENDANT CITY OF GRAND RAPIDS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO CITY OF GRAND RAPIDS' MOTION TO DISMISS

## I.    Ms. Mish's Email Was Not an Action Taken Under Color of State Law.

Plaintiffs would have the Court believe that simply because Ms. Mish was a City employee, she was acting under the color of state law. (*See* Plaintiff's Response, ECF No. 11, PageID 430). This is not the standard applied to a Section 1983 case. Merely because an individual is a state employee does not mean that her actions are considered actions taken under color of state law. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312 (1981) (finding that state-employed public defender was not a state actor in giving advice to criminal client). There is no state action under Section 1983 "unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Waters v. City of Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001).

Plaintiffs' reliance on *Dean v. Byerly*, 354 F.3d 540 (6th Cir. 2004), in an effort to establish that Ms. Mish's actions were taken under the color of state law, is misplaced. In *Dean*, the director of the State Bar of Michigan threatened an applicant to the Bar by stating that the applicant would not be admitted to practice as a result of his exercise of constitutionally-protected speech relating to picketing in front of the director's private residence. *Id.* The director's threats were made *directly* to the applicant both verbally and in writing. *Id.* at 554. In addition, the director did not deny that he was acting under the color of state law in making the

threats. *Id.* The Court therefore found that summary judgment on the issue of whether the director was acting under the color of state law was improper. *Id.*

Unlike the *Dean* case, Plaintiffs' Complaint admits that Ms. Mish's email was sent directly to Mr. Zerial, an unrelated third party, and not to any of the named Plaintiffs. It only reached the named Plaintiffs over a year later when it was released in response to a FOIA request. (Complaint, ECF No. 1, ¶¶ 36, 38). Furthermore, Ms. Mish's off-the-cuff statements about Plaintiff Elise Hilton and her daughter included no threats. (Complaint, ECF No. 1, ¶22). Thus, the *Dean* case is not dispositive.

In addition, Plaintiffs' Complaint fails to demonstrate that Ms. Mish's email was sent in the course of performing an "actual or apparent duty" of her job as City Attorney. In fact, Plaintiffs' Complaint makes clear that Ms. Mish's email does *not* fall within her job duties as the City Attorney, particularly as responding to emails by private citizens is not among the duties Plaintiffs allege are within the responsibilities of the City Attorney. (ECF No. 1, Complaint ¶53). Moreover, Ms. Mish admits that the email was "not part of her job duties as the City Attorney." (ECF. No. 10, PageID 155). Thus, Plaintiffs have not and cannot sufficiently plead an action under the color of state law for purposes of their Section 1983 claim.

## II.   Plaintiffs Have Not Alleged a Sufficient Adverse Action.

Plaintiffs rely on *Fritz v. Charter Twp. of Comstock* to show that they

3

sufficiently pled an adverse action for purposes of their First Amendment retaliation claim.  The City does not dispute that the standard addressed in *Fritz* – whether the alleged adverse action "would be sufficient to deter an average citizen from participating" in protected conduct – applies to the present case.  *See* 592 F.3d 718, 724 (6th Cir. 2010).  And this analysis is applied throughout the City's motion and supporting brief, despite Plaintiffs' assertions to the contrary.  No adverse action was taken against Plaintiffs that would deter an average citizen from engaging in protected conduct.  Nothing about the content of the email evidences that it was intended to reach Plaintiffs, that it would deter them from continuing their 2013 lawsuit against the City, or that it would to deter Ms. Hilton from continuing her employment and association with Acton.[1]

Furthermore, Plaintiffs allege only adverse statements, which are insufficient to satisfy the "adverse action" element required to establish a prima facie case of

---

[1] Plaintiffs seem to suggest that Ms. Mish's email was intended to deter *Mr. Zerial* from representing Acton.  (*See* ECF No. 11, PageID 432). But if Ms. Mish's email deterred Mr. Zerial from representing Acton, then the claim would be his to bring. However, he is not a party to this lawsuit, and the effect of the email on Mr. Zerial is not at issue.  Moreover, Plaintiffs fails to recognize that the analysis must be separate and distinct with respect to each of the three named Plaintiffs.  Both Elise and Ed Hilton purport to bring this lawsuit individually and on behalf of their daughter.  However, the only allegations of adverse action relate to (1) the Hiltons' daughter (arising out of the "crack and heroin whore" comment) and (2) Elise Hilton (who was referred to as a "hypocrite").

First Amendment retaliation.[2]  *Taylor v. City of Falmouth*, 187 Fed. App'x 596, 598 (6th Cir. 2006) (noting that verbal abuse does not necessarily rise to the level of adverse action required to make a prima facie First Amendment retaliation case and holding "we must be careful to ensure that real injury is involved, lest we trivialize the First Amendment by sanctioning a retaliation claim even if it is unlikely that the exercise of First Amendment rights was actually deterred"); *see also Atlanta Cmty. Sch. v. Alpena-Montmorency-Alcona Educ. Serv. Dist.*, 2012 WL 4133563, at *17 (E.D. Mich., Sept. 18, 2012) (disparaging public statements about plaintiff did not amount to an adverse action in the context of a First Amendment retaliation claim); *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 70-71 (2d Cir. 1999) ("disparaging, accusatory, or untrue statement," without more, fail to state a constitutional violation).  Ms. Mish's remarks about the Hiltons' daughter and that Elise Hilton was a "hypocrite" are nothing more than statements that do not rise to the level of adverse action required to state a prima facie First Amendment retaliation case.

---

[2] Plaintiffs improperly suggest that the City does "not contest that Plaintiffs engaged in protected conduct" and does "not contest the fact that there was a causal connection. . . ," two of the three elements required to establish Plaintiffs' prima facie case.  To the contrary, the City in no way concedes that Plaintiffs' were engaged in constitutionally-protected conduct or that Plaintiffs have satisfied their burden of sufficiently alleging causation, but simply have chosen not to address those issues in the context of this 12(b)(6) motion.

### III.    Plaintiffs Have Not and Cannot Plead Municipal Liability.

Plaintiffs argue that because Ms. Mish allegedly had "ultimate authority" as the City Attorney in responding to citizen emails on the Acton tax dispute, the City is liable for her actions under *Monnell* and its progeny.  *See* ECF 11, PageID 443. But Plaintiffs fail to show that Ms. Mish was, in fact, was a decisionmaker with final authority with respect to the action taken and that her action rose to level of becoming a City policy or custom.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986) ("Municipal liability attaches *only* where the decisionmaker possesses *final authority* to establish municipal policy with respect to the action ordered.").

"In appropriate circumstances, a single act may rise to the level of policy or custom . . . where the decisionmaker possesses *final* authority with respect to the action ordered."  *Binelli v. Charter Twp. of Flint*, 2010 WL 3906903, at * 6 (E.D. Mich. 2010) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 659 (6th Cir. 1993)).  "Official policy often refers to formal rules or understandings . . . that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time."  *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986)).  "Before liability of the municipality can attach, a plaintiff also must demonstrate a causal link between the municipal action

6

and the deprivation of federal rights." *Id.* (quoting *Bd. of Cty. Cmmrs. of Bryan Cty, Okl. v. Brown*, 520 U.S. 397, 405 (1997)).

Here, Ms. Mish's authority was clearly defined and limited in scope under the provisions of the City Charter and her publicly-approved contract. She could not make decisions or take action outside the terms set forth in the Charter and her contract. Her role as City Attorney did not include establishing government policy, and Ms. Mish's employment contract precluded her from responding to Mr. Zerial's email in the manner that she did. Her response email did not rise to the level of policy or custom contemplated under *Pembaur*. Thus, the City is not liable for Ms. Mish's email.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

s/ Laura S. Amtsbuechler
Laura Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorneys for Defendant, City of Grand Rapids
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/  Laura S. Amtsbuechler