UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISE HILTON, ED HILTON,
as individuals and as next friends
For "EH," a mentally disabled adult,

       Plaintiffs,

v

CATHERINE MISH and
THE CITY OF GRAND RAPIDS,

       Defendants.

Case No. 16-00702
Hon. Gordon J. Quist
Magistrate Judge Ellen S. Carmody

**DEFENDANT CATHERINE MISH'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

\*\***ORAL ARGUMENT REQUESTED**\*\*

---

FIXEL AND NYEHOLT, PLLC
Joni M. Fixel (P56712)
Collin H. Nyeholt (P74132)
Attorneys for Plaintiffs
4084 Okemos Road, Suite B
Okemos, MI  48823
(517) 332-3390/Fax: (517) 853-0434
jfixel@fixellawoffices.com
cnyeholt@fixellawoffices.com

JOHNSON, ROSATI, SCHULTZ
& JOPPICH, P.C.
Laura S. Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorneys for Defendant
City of Grand Rapids
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

KELLER THOMA, P.C.
Thomas L Fleury (P24064)
Gouri G. Sashital (P64628)
Stacy L. Jitianu (P74873)
Attorneys for Defendant Catherine Mish
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-7610/Fax: (313) 965-4480
tlf@kellerthoma.com
gsr@kellerthoma.com
slj@kellerthoma.com

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................. ii

    I.     Ms. Mish's Email Was Not Action Taken Under Color of State Law ............................................................................................. 1

    II.    Plaintiffs' Have Not Alleged a Sufficient Adverse Action ............... 3

    III.   Plaintiffs' IIED Claim Must Be Dismissed ........................................ 5

    IV.   EH's Claims Must Be Dismissed Under Rule 10 ............................. 6

# **INDEX OF AUTHORITIES**

**Cases**

*Barrett v. Harrington*
  130 F.3d 246 (6th Cir. 1997) ................................................................................ 4, 5
*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) ....................................... 6
*Bloch v. Ribar*
  156 F.3d 673 (6th Cir. 1998) ................................................................................ 3, 4
*Citizens for a Strong Ohio v. Marsh,*
  123 Fed.Appx. 630 (6th Cir. 2005) ...................................................................... 6, 7
*Fritz v. Charter Twp. of Comstock,*
  592 F.3d 718 (6th Cir. 1998) ..................................................................................... 4
*Mooneyhan v. Hawkins,*
  129 F.3d 1264 (6th Cir. 1997) ................................................................................... 2
*Occupy Nashville v. Haslam,*
  769 F.3d 434 (6th Cir. 2014) ..................................................................................... 5
*Waters v. City of Morristown, TN,*
  242 F.3d 353 (6th Cir. 2001) .......................................................................... 1, 2, 3
*Wolfe v. Perry,*
  412 F.3d 707 (6th Cir. 2005) ................................................................................ 6, 7

### I. Ms. Mish's Email Was Not Action Taken Under Color of State Law.

Plaintiffs argue that Ms. Mish was acting under color of state law when she emailed Mr. Zerial because her apparent duties as City Attorney required her to respond to complaints about the City's abuse of powers, and Mr. Zerial had "claimed that the City had abused its powers by refusing Acton's rightful request for a tax exemption." (Dkt. #13, p. 15). ***Plaintiffs cite nothing to show that Mr. Zerial complained to Ms. Mish about the City's abuse of powers vis a vis the Acton dispute***. No such allegation appears in the Complaint. (Dkt. #1, ¶¶19, 24 (alleging only that Mr. Zerial "express[ed] his support for Acton" and that Ms. Mish was "responding to an advocate citizen's concerns" about the Acton dispute). Nor does Mr. Zerial's email permit the allegation, since it says absolutely nothing about the Acton tax dispute, let alone anything about an abuse of power by the City. (Ex.6).[1] While Plaintiffs argue that Ms. Mish brought up the Acton dispute in responding to Mr. Zerial's email (Dkt. #13, p. 16), there is nothing indicating she did so because he complained about the City's abuse of powers.[2] Since Plaintiffs have not identified a City Attorney job duty that Ms. Mish was acting pursuant to when she emailed Mr. Zerial, they have not pled a claim for state action under §1983. *Waters v. City of*

---

[1] Unless noted, exhibits are attached to Ms. Mish's Motion to Dismiss (Dkt. #10).
[2] Plaintiffs also claim that Ms. Mish's comments to Mr. Zerial were "advancing the City's position in the pending property tax dispute" (Dkt. #1, p. 16), but Ms. Mish's email clearly contains no substantive discussion of that dispute. (Ex.6).

*Morristown, TN*, 242 F.3d 353, 359 (6th Cir. 2001).

Plaintiffs next argue that Ms. Mish acted under color of state law because she had access to EH's investigation file and that, "combined with her position as City Attorney, gave credence and weight to the statements about the investigation." (Dkt. #13, p. 17). This argument is simply that Ms. Mish acted under color of state law *because* she was the City Attorney. But the Sixth Circuit has expressly held that a government actor's status alone is not enough to establish state action. *Burris v. Thorpe*, 166 F3d. Appx. 799, 802 (6th Cir. 2006) ("It is the nature of the act performed, *not the clothing of the actor or even the status of being on duty*…which determines whether the [individual] has acted under the color of law.") (emphasis added). Rather, Ms. Mish's email to Mr. Zerial must be "*related in some meaningful way*" to her status as City Attorney. *Waters,* 242 F.3d at 359. "[T]he test for whether a [government actor] acted under color of state law is…*what actions did the [actor] take to assert his authority under color of state law*." *Mooneyhan v. Hawkins,* 129 F.3d 1264, *5 (6th Cir. 1997) (citations omitted) (emphasis added).

Here, Plaintiffs have shown no meaningful relation between Ms. Mish's email and her status as City Attorney, nor have they identified any actions by Ms. Mish where she asserted her authority as City Attorney in sending the email.[3] Plaintiffs

---

[3] For example, Ms. Mish did not preface her remarks by indicating that, as City Attorney, she had access to information or special knowledge of EH's case. (Ex.6). In fact, Ms. Mish did not even mention her status as City Attorney at all. (*Id.*).

2

have thus not pled a claim for state action, and their §1983 claims must be dismissed. *Waters,* 242 F.3d at 359.

### II. Plaintiffs Have Not Alleged An Adverse Action.

In arguing that they have alleged an adverse action, Plaintiffs rely heavily on *Bloch v. Ribar, Fritz v. Charter Twp. of Comstock,* and *Barrett v. Harrington*, which they contend are dispositive. But, these cases are distinguishable and/or inapplicable.

In *Bloch*, after the plaintiff criticized the handling of her rape investigation, the Sheriff "**convened a press conference**" at which he disclosed "highly personal and extremely humiliating details" of plaintiff's rape, including details "**that were so embarrassing she had not even told her husband**." *Bloch,* 156 F.3d 673, 676. Based on these facts, the Court held that plaintiff had adequately alleged an adverse action for purposes of her First Amendment retaliation claim. *Id.* at 681.

Unlike *Bloch*, Ms. Mish did not disclose private details of EH's alleged rape during a press conference, nor did she disclose private details at all. Plaintiffs clearly take issue with the words Ms. Mish used in her email to Mr. Zerial, but they cannot escape the fact that the information she disclosed was **already publicly available**, *e.g.* that EH was reported as a runaway, performed sex acts with different men, drank beer, called her parents to tell them she was "Okay," and that other individuals believed EH was a "bad" girl who had prostituted herself. (Exs.2-5). In stark contrast to *Bloch*—where the rape details disclosed were so private the plaintiff had not even

3

shared them with her husband—the details of EH's alleged rape, and the fact that others believed she was a runaway/prostitute, were first disclosed *by Plaintiffs themselves*. *Bloch* does not save Plaintiffs' §1983 claims.

Nor does *Fritz.* There, after the plaintiff opposed the Township's actions, the Township Supervisor made defamatory statements about her to her employer and pressured her employer to terminate her employment contract, which the employer did. *Fritz,* 592 F.3d 718, 725, 728. On these facts, the Court held that plaintiff had alleged an adverse action because "[a] person of ordinary firmness would be deterred from engaging in protected conduct, if as a result, a public official *encouraged her employer to terminate the person's contract* or to have her change her behavior." *Id.* at 726 (emphasis added). Here, Plaintiffs have plainly not alleged that they suffered an adverse action like that suffered by the *Fritz* plaintiff. (Dkt. #1).[4]

*Barrett* too does not help Plaintiffs. In that case, the defendant publicly accused the plaintiff of stalking and harassing her after the plaintiff criticized her. *Barrett,* 130 F.3d 246, 262. In finding that the plaintiff had alleged a First Amendment retaliation claim, the Court considered only whether the plaintiff's

---

[4] Plaintiffs also argue that *Fritz* permits them to allege an adverse action based on defamatory statements. (Dkt. #13, p. 22). *Fritz*, however, found that the defamatory statements in that case were not an adverse action "*on their own*," but coupled with the "threat[s] [to plaintiff's] economic livelihood," they were. *Fritz,* 592 F.3d at 727-8. Here, even if Ms. Mish's statements were defamatory, they were not accompanied by threats to Plaintiffs' economic livelihood. (Dkt. #1). *Fritz*, again, does not apply.

4

criticism of the defendant "was a substantial or motivating factor" in her conduct. *Id.* at 263. ***The Court did not consider whether the defendant's stalking/harassing accusations constituted an adverse action****. Id.* Plaintiffs' claim that *Barrett* "tells us that a government's false assertion of criminal activity is an 'adverse action'" (Dkt. #13, p. 26) is an absolute misrepresentation of that case's holding.[5]

As shown, none of the cases Plaintiffs rely on change the conclusion that they failed to plead an adverse action, mandating dismissal of their §1983 claims.[6]

### III.     Plaintiffs' IIED Claim Must Be Dismissed.

Plaintiffs' arguments opposing dismissal of their IIED claim ignore the ample case law Ms. Mish cited demonstrating why Plaintiffs have failed to state a claim. (Dkt. #10, p. 31-34). Ms. Mish relies on her prior briefing, but notes specifically that Plaintiffs have not disputed her argument that the Complaint is ***devoid*** of any factual allegations demonstrating her intent and/or recklessness. Plaintiffs simply assert that Ms. Mish demonstrated intent because she should have "anticipate[d]" her statements to Mr. Zerial would distress them (Dkt. #13, p. 30), but they never bother to explain ***how*** she intended that the statements ever be disclosed to them, especially

---

[5] Plaintiffs again shockingly misrepresent *Barrett* when they claim that the Court "found that a judge's false assertion of stalking would deter further action." (Dkt. #13, p. 27). This issue was ***never considered*** in *Barrett.* 130 F.3d at 263-264.

[6] Further, while Plaintiffs claim that they have alleged that the right at issue was clearly established, their arguments address only generally the rights afforded by the First Amendment. But the right at issue cannot be defined "at a high level of generality." *Occupy Nashville v. Haslam*, 769 F.3d 434, 443 (6th Cir. 2014).

when she was not the one that disclosed them. Plaintiffs' conclusory arguments as to Ms. Mish's alleged intent are, just like the allegations in their Complaint, insufficient as a matter of law, requiring dismissal of their IIED claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007).

### IV. EH's Claims Must Be Dismissed Under Rule 10.

Plaintiffs' claim that collateral estoppel bars re-litigation of whether EH may proceed pseudonymously fails because Judge Maloney ***never*** ruled on the issue in the 2013 lawsuit. To proceed pseudonymously, EH should have moved for a protective order and Judge Maloney should have considered certain factors. *Citizens for a Strong Ohio v. Marsh,* 123 Fed.Appx. 630, 636 (6th Cir. 2005). This did not happen. (Docket Entries for Case No. 13-cv-727). Rather, Judge Maloney ordered that the "case caption for this matter is changed to reflect Plaintiffs as Elise Hilton and Ed Hilton, individually and as Guardians of E.H., a Disabled Adult." (Ex.A, 7/27/15 Order, attached).[7] Plaintiffs' claim that Judge Maloney "concluded that EH may proceed as a plaintiff under a pseudonym" (Dkt. #13, p. 31) is plainly false.

Thus, collateral estoppel does not apply. *Wolfe v. Perry,* 412 F.3d 707, 716 (6th Cir. 2005) (identifying elements of collateral estoppel). Because Judge Maloney never decided the factors necessary to determine whether EH could proceed

---

[7] This Order was entered because EH was a minor when the 2013 lawsuit was filed, but reached the age of majority during its pendency. (Ex.B, Motion, attached).

6

pseudonymously, that issue was not "actually decided" in the 2013 lawsuit. *Id.* Because Judge Maloney's Order was entered ***unopposed***, the parties did not "actually litigate" the issue, even if the Order is somehow construed as a decision that EH could proceed pseudonymously. *Id.*; (Exs.A-B). Because the 2013 lawsuit concerned Plaintiffs' equal protection and due process claims, the issue of whether EH was entitled to use a pseudonym was not "necessary and essential" to a merits judgment of that lawsuit. *Wolfe*, 412 F.3d at 716. And while Plaintiffs conclusorily assert that Ms. Mish was in privity with the City in the 2013 lawsuit—the only collateral estoppel element they actually address (Dkt. #13, p. 31)—they ignore that she did not file an appearance in that case and that the attorneys from her office who did, were merely employed by the City to make arguments on its behalf. (Docket Entries for Case No. 13-cv-727). Plaintiffs cite no authority demonstrating that, under these circumstances, Ms. Mish can be bound by issues decided as to her former employer, the City, in this case, where she is sued in her personal capacity.

EH has not shown in this, or any other case, the that she is entitled to proceed pseudonymously. Her claims must be dismissed. *Marsh*, 123 Fed.Appx. at 636.

Respectfully submitted,
By: /s/ Gouri G. Sashital
Gouri G. Sashital (P64628)
Attorneys for Catherine Mish
26555 Evergreen Road, Suite 1240
Southfield, MI  48076
(313) 965-0857
gsr@kellerthoma.com

Dated:  September 28, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2016, I electronically filed the foregoing papers, Defendant Catherine Mish's Reply Brief in Support of Motion to Dismiss and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record as listed on the Notice of Electronic filing and the pleadings herein.

                                                By: /s/ Gouri G. Sashital
                                                Gouri G. Sashital (P64628)